**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DIONNE MORGAN HAYGOOD )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>TARGET CORPORATION and )<br>TARGET STORES, INC. )<br>Defendants ) | <br><br><br><br><br><br><br><br>APRIL 3, 2020 |

**DEFENDANTS TARGET CORPORATION**
**AND TARGET STORES, INC.'S NOTICE OF REMOVAL**

**To the Judges of the United States District Court for The District of Connecticut:**

The Defendants Target Corporation and Target Stores, Inc., by and through its undersigned counsel, and pursuant to 28 U.S.C.A. §§1332(a) and 1441 hereby remove this action from the Superior Court, Judicial District of Hartford, State of Connecticut, to the United States District Court for the District of Connecticut and in support of which states as follows:

(1)     The Plaintiff served an action against Defendants Target Corporation and Target Stores Inc., on or about March 9, 2020, filed on April 1, 2020, entitled <u>Dionne Morgan Haygood v. Target Corporation and Target Stores, Inc., HHD-CV-20-6126430-S</u>, bearing a return date of April 7, 2020 and made returnable to the Judicial District of Hartford. A copy of the Summons and Complaint is attached hereto as Exhibit "A".

(2)     In the Complaint, the Plaintiff Dionne Morgan Haygood asserts claims for common law negligence and carelessness against the Defendants alleging that the Plaintiff Dionne Morgan Haygood sustained physical injuries and damages when she pushed her shopping cart in the parking lot into a hole causing the shopping cart to strike plaintiff's leg at the Target store in Windsor, Connecticut on March 6, 2018. The Plaintiff is claiming physical injuries, some of which are stated to be "permanent", that include injuries to her right leg, right foot, right knee and lower back. Although liability and damages are disputed by the Defendants, any award in

favor of the Plaintiff could potentially exceed the jurisdictional threshold of $75,000 given the claims made by the Plaintiff as set forth in the Complaint.

(3)   Target Stores, Inc. and Target Corporation are Minnesota corporations with a principal place of business in Minneapolis Minnesota.

(4)   Plaintiff Dionne Morgan Haygood is a resident, citizen and is domiciled in Fairfield, Connecticut. She provided an address of 71 Custer Drive, Windsor, Connecticut on the Summons dated March 5, 2020 and filed on April 1, 2020.

(5)   The Court has jurisdiction in the above-captioned matter, pursuant to 28 U.S.C.A. § 1332(a)(1), in that the matter is between citizens of different states and the amount in controversy potentially exceeds the sum or value of $75,000.00 based upon the claims made by the Plaintiff. Therefore, this action may be removed to the United States District Court for the District of Connecticut pursuant to 28 U.S.C.A. §§ 1332 and 1441.

(6)   This Notice of Removal is being filed within thirty (30) days of Defendants being notified of this lawsuit and Defendants Target Corporation and Target Stores, Inc., have complied with all requirement of 28 U.S.C.A. §1446.

WHEREFORE, Defendants Target Corporation and Target Stores, Inc, respectfully request that the above action be removed from the Superior Court, Judicial District of Hartford, State of Connecticut, to this Honorable Court.

DEFENDANTS TARGET CORPORATION and
TARGET STORES, INC.

__/s/ Dawn Neborsky  #27985_____
Dawn M. Neborsky, Esq.
Bonner, Kiernan, Trebach & Crociata
40 Court Street
Boston, MA 02108
Fed. Bar No. 27985
617-426-3900
dneborsky@bonnerkiernan.com

## **CERTIFICATE OF SERVICE**

  This is to certify that on this 3rd Day of April 2020 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated don the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Elizabeth K. Adams
41B New London Turnpike
Suite 7C
Glastonbury, CT  06033

                /s/ *Dawn M. Neborsky*
                Dawn M. Neborsky

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For Information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov  |

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | (860) 548-2700 | April 7, 2020 |

| ☒ Judicial District   G.A. | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|
| ☐ Housing Session  ☐ Number: | Hartford | Major: T     Minor: 03 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Elizabeth Adams, The Adams Law Firm, P.C., 41B New London Tpke., 7C, Glastonbury, CT 06033 | 422406 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| (860) 724-1300 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed)<br>eadams@ekadamslaw.com |

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: Dionne Morgan Haygood<br>Address: 71 Custer Drive, Windsor, CT 06095 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: Target Corporation<br>Address: 1000 Nichollet Mall, Minneapolis, MN 55403 | D-01 |
| **Additional defendant** | Name: Target Stores, Inc. c/o Agent for Service: CT Corporation System<br>Address: 67 Burnside Avenue, East Hartford, CT 06108 | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 03/05/2020 | [signature] | ☐ Clerk | Elizabeth Adams, Esquire |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

[Print Form]     Page 1 of 2     [Reset Form]

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.
   Do *not* use this summons for the following actions:
   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | | | |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles* - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 08 | Motor Vehicle* - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | | | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

Print Form    Page 2 of 2    Reset Form

RETURN DATE: APRIL 7, 2020      :      SUPERIOR COURT

DIONNE MORGAN-HAYGOOD      :      JUDICIAL DISTRICT

VS.      :      OF HARTFORD

TARGET CORPORATION, and/or TARGET STORES, INC.      :      MARCH 5, 2020

## COMPLAINT

1. At all times mentioned herein, the Plaintiff, **DIONNE MORGAN-HAYGOOD** ("Plaintiff") was a resident of Windsor, County of Hartford, State of Connecticut.

2. At all times mentioned herein, the Defendants **TARGET CORPORATION and/or TARGET STORES, INC.** (collectively "Target" of Defendants), a corporation licensed to transact business in the State of Connecticut, was in possession and control of a retail store known as "Target," Store No. 2213, located at 1075 Kennedy Road in Windsor, Connecticut.

3. On or about March 6, 2018, at approximately 9:10 a.m., Plaintiff was a business invitee at the defendants' store and was walking while pushing a shopping cart in the parking lot, which was in the possession and control of Defendants.

4. At said time and place, the Plaintiff was pushing the shopping cart for the purpose of shopping for and purchasing merchandize, when suddenly and without warning, the front wheel(s) of the shopping carriage got caught in a deep hole in the parking lot where asphalt was broken up and missing.

5. This action of the front wheel(s) of the carriage falling into the hole caused the rear of the carriage, which was being pushed by the plaintiff, to be propelled upwards in a jerking

motions suddenly and with great force, causing the carriage to hit her right shin area. The force of the impact caused immediate and severe pain, as well as a cut the Plaintiff's leg.

6.  The sudden impact of the cart against the Plaintiff's leg caused the plaintiff to jump and/or brace herself with her feet, which sudden response caused severe pain and injury to the muscles in her right foot.

7.  Said incident, and Plaintiff's serious personal injuries and losses, were caused by the negligence and/or carelessness of Target, its employees, and/or agents, in one or more of the following ways:

> a) It failed to reasonably inspect the Premises in order to ascertain the unsafe, dangerous, and defective conditions then and there existing – specifically, the hole in the asphalt;
>
> b) It allowed a dangerous condition to exist on the Premises under circumstances where it knew, or should have known, that it would create an unreasonable risk of harm to invitees such as the Plaintiff, and that harm to invitees such as Plaintiff was reasonably foreseeable;
>
> c) It failed to warn Plaintiff or other invitees of said dangerous condition, although in the exercise of reasonable care it could have and should have done so;
>
> d) It failed to take proper steps to remove, remedy and/or otherwise abate or correct said dangerous condition, although in the exercise of reasonable care it could have and should have done so;
>
> e) It failed to properly maintain the Premises, although in the exercise of reasonable care it could have and should have done so;
>
> f) It failed to erect signs and/or barriers around the dangerous condition, although in the exercise of reasonable care it could have and should have done so;
>
> g) It failed to properly train and/or instruct employees, agents, and/or servents to keep the Premises safe for its invitees, although in the exercise of reasonable care it could have and should have done so; and
>
> h) It failed to establish and/or follow procedures for protecting its invitees from divots and wholes from missing and/or cracked asphalt on the Premises,

2

THE ADAMS LAW FIRM, P.C.
41B NEW LONDON TURNPIKE, SUITE 7C, GLASTONBURY, CONNECTICUT 06033
TEL (860) 724-1300 ·FAX (860) 724-1302

although in the exercise of reasonable care it could have and should have done so.

8. As a result of the negligence and carelessness of Target, Plaintiff sustained and suffered serious personal injuries, damages and losses, some or all of which may be permanent in nature, including, but not limited to, injuries to her right leg, right foot, right knee and lower back; chronic and severed pain; change of gait and associated damages; and throbbing, swelling, soreness, stiffness and disability.

9. The effects of Plaintiff's injuries, as aforesaid, are likely to be permanent in nature; additionally, she has suffered, and will continue in the future to suffer, great pain and mental anguish, and her movements and activities will be restricted, all to her further loss and damage.

10. As a direct and proximate result of said incident, and the resulting injuries, Plaintiff has incurred substantial medical expenses. In addition, it is likely that she will be forced to incur further medical expenses in the future, all to her further loss and damage.

11. As a direct and proximate result of said incident, and the resulting injuries, Plaintiff, has lost earnings and/or earning capacity, all to her further loss and damage.

12. As a direct and proximate result of said incident, and the resulting injuries, Plaintiff has been unable, and will be in the future unable, to carry out her everyday activities of life, thereby sustaining further loss and damage.

THE ADAMS LAW FIRM, P.C.
41B NEW LONDON TURNPIKE, SUITE 7C, GLASTONBURY, CONNECTICUT 06033
TEL (860) 724-1300 •FAX (860) 724-1302

**WHEREFORE**, the Plaintiff claims against the Defendants:

1. Judgment; and

2. Money damages; and

3. Any other relief that the Court may deem appropriate.

Dated at Hartford, Connecticut this 5th day of March 2020.

<div style="text-align:right">

THE PLAINTIFF,
DIONNE MORGAN-HAYGOOD

BY: _____
Elizabeth K. Adams, Esquire
The Adams Law Firm, P.C.
41B New London Turnpike, Suite 7C
Portland, CT 06033
Phone: 860-724-1300
Fax: 860-724-1302
Juris No.: 422406
Email: eadams@ekadamslaw.com

</div>

| | | |
|---|---|---|
| RETURN DATE: APRIL 7, 2020 | : | SUPERIOR COURT |
| DIONNE MORGAN-HAYGOOD | : | JUDICIAL DISTRICT |
| VS. | : | OF HARTFORD |
| TARGET CORPORATION, and/or TARGET STORES, INC. | : | MARCH 5, 2020 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exclusive of interest and costs, is in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

> THE PLAINTIFF,
> DIONNE MORGAN-HAYGOOD
>
> BY: _____
> Elizabeth K. Adams, Esquire
> The Adams Law Firm, P.C.
> 41B New London Turnpike, Suite 7C
> Portland, CT 06033
> Phone: 860-724-1300
> Fax: 860-724-1302
> Juris No.: 422406
> Email: eadams@ekadamslaw.com